IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Christopher Johnson,                    )        C/A No.: 3:26-1054-SAL-KDW
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        REPORT AND RECOMMENDATION
                                        )
YouTube; Google; Alphabet, Inc.;        )
Sergey Brin; Larry Page; and Kent Walker, )
                                        )
                    Defendants.         )
                                        )

        Christopher Johnson ("Plaintiff"), proceeding pro se, filed this action against YouTube,

Google, Alphabet, Inc., Sergey Brin, Larry Page, and Kent Walker alleging he was exposed to

sexual images while searching on YouTube. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B)

and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such

complaints for relief and submit findings and recommendations to the district judge. For the

reasons that follow, the undersigned recommends the district judge dismiss the Amended

Complaint.

I.      Factual and Procedural Background

        On April 28, 2026, the court issued an order notifying Plaintiff his Complaint was subject

to summary dismissal because he failed to allege sufficient factual allegations to state a claim. ECF

No. 22. The order further advised Plaintiff he had until May 11, 2026, to file an amended complaint

or otherwise cure the identified deficiencies in his pleadings. *Id*. Following the grant of an

extension, ECF No. 28, Plaintiff filed an Amended Complaint on May 29, 2026. ECF No. 31.

        Plaintiff alleges in March 2006, Google was found guilty and liable in a Los Angeles court

for designing dangerous and addictive platforms that caused mental health issues in minors. ECF

No. 31 at 1. Plaintiff claims Google was ordered to pay millions of dollars. *Id*. Plaintiff states Google also settled a 50-million-dollar discrimination lawsuit brought by a former employee. *Id*. Plaintiff alleges on August 6, 2025, he received sexual images attached to the YouTube page he was visiting. *Id*. at 2. Plaintiff claims he witnessed an oral sex picture. *Id*. Plaintiff claims on October 7 he received more sexual pictures while visiting YouTube. *Id*. Plaintiff states the pictures were of woman's breasts, penises, and oral sex. *Id*. Plaintiff alleges he emailed Google's chief legal officer Kent Walker and explained the identified pictures were coming up while he listened to music and viewed the ad for Michael Jackson's movie. *Id*. Plaintiff claims he did not receive a response from Mr. Walker. *Id*.  Plaintiff alleges his cousin visited him, and he wanted to show his cousin's twin daughters cartoon videos that Plaintiff produced, but some sexual images appeared on the screen when he went to show them the videos. *Id*. Plaintiff says he exited the page before the twins saw the images. *Id*. Plaintiff alleges he researched Google and found out the founders Sergey Brin and Larry Page are mentioned in the Epstein files. *Id*. Plaintiff claims he has had issues with Meta/Instagram in the past, and Meta employees suspended Plaintiff's account for a month due to comments Plaintiff made on a "democratic page." *Id*. at 3. Plaintiff states he comments on political pages on YouTube, and it is possible a YouTube employee saw Plaintiff getting the best of people and sent Plaintiff these images. *Id*. at 3-4. Plaintiff states he is suing Defendants for 200 million dollars. *Id*. at 4. Plaintiff attached photographic images in support of his claims. ECF No. 31-1.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his Amended Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs

of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.      Analysis

Plaintiff asserts sexual harassment, sexual misconduct, sexual cyber bullying, and internet negligence claims against Defendants. ECF No. 31 at 2. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

Plaintiff appears to assert his claims pursuant to federal question jurisdiction. *See* ECF No. 1-1 at 3. 28 U.S.C. § 1331 provides that: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The undersigned finds Plaintiff has not properly pleaded any federal claims as the essential allegations contained in Plaintiff's Amended Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not plead a specific violation of a federal statute or constitutional provision by Defendants, nor is any type of federal question jurisdiction otherwise evident from the face of the pleading. To the extent

4

Plaintiff alleges Defendants' actions violated state law, such a claim fails to establish any viable ground for federal question subject matter jurisdiction. Because the court does not have federal question jurisdiction over Plaintiff's claims under § 1331, the undersigned recommends Plaintiff's Amended Complaint be summarily dismissed.

III.    Conclusion and Recommendation

By order issued on April 28, 2026, the undersigned provided Plaintiff an opportunity to correct the defects identified in his Complaint and further warned Plaintiff that if he failed to timely file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed without leave for further amendment. As discussed herein, Plaintiff's Amended Complaint fails to correct the deficiencies, and like the original Complaint, fails to state a claim upon which relief can be granted. The undersigned recommends the court dismiss the Amended Complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

June 24, 2026                                     Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).