IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Johnson,<br><br>Plaintiff,<br><br>v.<br><br>YouTube; Google; Alphabet, Inc.; Sergey Brin; Larry Page; and Kent Walker,<br><br>Defendants. | C/A No.: 3:26-cv-1054-SAL<br><br>**ORDER** |

Plaintiff filed this civil action alleging sexual harassment, sexual misconduct, sexual cyber bullying, and internet negligence claims against Defendants. *See* ECF No. 31. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West and made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 36.] The Report recommends summary dismissal of this action for lack of subject matter jurisdiction. *Id.* Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 6. After that, Plaintiff filed objections, ECF No. 38, and he copied the court on a letter to Ms. Andrea Lucas, ECF No. 40, the Chair of the United States Equal Employment Opportunity Commission ("EEOC").

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023)

(citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* "In the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

The Report summarizes the relevant facts and standards of law, and the court incorporates that discussion without a full recitation here. *See* ECF No. 36. Briefly, Plaintiff alleges he received sexual images while visiting YouTube pages on multiple occasions around August 2025. *See* ECF

No. 31. The magistrate judge recommends summary dismissal for lack of subject matter jurisdiction. [ECF No. 36 at 4–5.]

The court agrees with the magistrate judge's analysis. "'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). Federal courts thus have a duty to determine, sua sponte, whether subject matter jurisdiction exists and to dismiss an action where it does not. *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Generally, federal courts may hear cases arising under federal law and certain disputes between diverse parties. *See* 28 U.S.C. §§ 1331–32.

As explained in the Report, although Plaintiff seemed to assert his claim under federal jurisdiction, he failed to plead a specific violation of federal statute or constitutional provision, nor was any type of federal question jurisdiction evident from the face of his pleadings. *See* ECF No. 36 at 4–5. Accordingly, the magistrate judge concluded Plaintiff failed to demonstrate this court has subject matter jurisdiction and recommended dismissal of this action. *Id.*

Plaintiff objects, arguing that Google has a "sexual misconduct" problem, and "Youtube is Google's brother under the same umbrella and ownership." [ECF No. 38 at 1.] He further claims that he receives a direct deposit for posting videos on YouTube, which makes him a contract employee. *Id.* at 2. He argues his claims of sexual harassment arise under Title VII of the Civil

Rights Act of 1964 but indicates he has not pursued any claim with the Equal Employment Opportunity Commission. *Id.* Plaintiff then references other sexual harassment lawsuits in federal courts against Google. *Id.* at 3. In the letter to Ms. Andrea Lucas, Plaintiff indicates a desire to file a sexual harassment claim against Google through the EEOC. [ECF No. 40.]

Although Plaintiff now clarifies that he means to proceed under Title VII, he has not moved to amend his complaint to properly plead jurisdiction.[1] But even if he asked to amend his complaint to properly plead jurisdiction under Title VII, the court would deny his motion to amend as futile. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) ("[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))). That is, his case would still be subject to dismissal because he fails to state a claim under Title VII. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (indicating that, where a party is proceeding in forma pauperis, the court may dismiss the case "at any time" if the court determines the action "fails to state a claim on which relief may be granted"). Even if the court assumes Plaintiff is an independent contractor as he claims, Title VII only applies if he is an employee. *See Farlow v. Wachovia Bank of N.C., N.A.*, 259 F.3d 309, 313 (4th Cir. 2001); *Hart v. Wood*, Civil Action No. 3:09-366, 2010 WL 297662, at *4 (D.S.C. Jan. 20, 2010) ("Title VII is inapplicable to independent contractors, as there is no qualifying employer/employee

[1] The court notes that Plaintiff was previously advised that he had not properly pled subject matter jurisdiction by the magistrate judge in a second proper form order. [ECF No. 22.] After that, he filed his amended complaint, *see* ECF No. 31, but he failed to correct this deficiency and identify an adequate basis for subject matter jurisdiction. The court questions whether the purported Title VII claim is substantial enough to support federal question jurisdiction. *See Bell v. Hood*, 327 U.S. 678 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.").

relationship."). The court overrules Plaintiff's objections and concurs with the magistrate judge's conclusion that the complaint must be dismissed where Plaintiff's amended complaint fails to establish a viable ground for subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case.").

**CONCLUSION**

For the reasons set forth above, the Report, ECF No. 36, is adopted and incorporated. As a result, this action is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Sherri A. Lydon

October 30, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge